UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GARY L. LUCAS,**

    **Petitioner,**

-vs-                                                     **Case No. 6:09-cv-1554-Orl-35GJK**

**SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,**

    **Respondents.**

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 6) and a supplemental response (Doc. No. 14) to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed replies to the responses (Doc. Nos. 12, 16, 18).

Petitioner alleges eleven claims for relief in his habeas petition: 1) trial counsel was ineffective for failing to properly investigate Petitioner's arrest; 2) trial counsel was ineffective for failing to conduct a proper investigation of the arresting officer's justification for stopping Petitioner's vehicle; 3) the trial court erred in denying his request to take the depositions of two officers who were eyewitnesses; 4) the State violated discovery rules;

5) the trial court erred in denying his motion to suppress evidence recovered from his vehicle; 6) the trial court erred in allowing the arresting officer to testify as an expert; 7) trial counsel was ineffective for failing to argue that Petitioner had no knowledge of the contents of the bag found in his vehicle; 8) the trial court erred in allowing a "confusing instruction" during closing argument; 9) trial counsel was ineffective for failing to object to improper comments made by the prosecutor during closing argument; 10) trial counsel was ineffective for failing to preserve issues for appeal; and 11) he received ineffective assistance of appellate counsel.

## I.     Procedural History

Petitioner was charged by amended information with possession of cocaine, driving while license cancelled, suspended, or revoked, possession of paraphernalia, and possession of a schedule II substance.  A jury trial was held, and Petitioner was found guilty as to all counts.  The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of twenty-three months.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied.  Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*.  While the Rule 3.850 proceedings were pending, Petitioner filed a petition for writ of habeas corpus with the state appellate court, which was denied.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly,

3

habeas relief is appropriate only if that application was "objectively unreasonable."[1]  *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

## B.     Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690;

---

[1] Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

[2] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

### C.  Exhaustion and Procedural Default

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)   (i)   there is an absence of available State corrective process; or
> >
> >          (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state

court to which the petitioner actually presented his claims).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

***III.    Analysis***

***A.    Claims One, Two, Three, Four, Five, Six, Seven, Eight, Nine, and Ten***

Claims one, two, three, six, seven, eight, nine, and ten were not raised with the state

courts, and these claims are procedurally barred. Claims four and five were raised in Petitioner's Rule 3.850 motion, and the trial court found that claims four and five were procedurally barred because they could have been or were raised on direct appeal. Consequently, claims four and five are procedurally barred because the trial court so determined in its order denying Petitioner's motion for postconviction relief, and the state appellate court affirmed *per curiam*.[3] The denial on procedural bar grounds was a correct application of Florida law.

Petitioner vaguely mentions that the procedural default should be excused based on ineffective assistance of counsel. However, although ineffective assistance of counsel can constitute cause for failing to assert a ground in the state courts, "this theory itself must have been presented to the state courts as an independent claim." *See Watts v. Norris*, 356 F.3d 937, 941 (8th Cir. 2004). Petitioner did not present this ineffective assistance of counsel claim to the state courts, and he has not shown either cause or prejudice that would excuse the procedural bar. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. Therefore, these claims are denied as procedurally barred.

### *B.   Claim Eleven*

Petitioner states that he received ineffective assistance of appellate counsel because appellate counsel failed to communicate with Petitioner and provide him with any documentation, which denied Petitioner the ability to file a *pro se* supplemental brief on

---

[3]A *per curiam* affirmance of a trial court's finding of a procedural default is a sufficiently clear and express statement of reliance on an independent and adequate state ground to bar consideration by the federal courts. *See Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990).

direct appeal.

The record establishes that Petitioner's appellate counsel filed an appellate brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which the United States Supreme Court established a procedure for appellate counsel when seeking permission to withdraw from the representation when he or she has concluded that an appeal would be frivolous. Petitioner appears to argue that, as a result of a miscommunication, appellate counsel failed to provide him with certain records in time for him to prepare a *pro se* supplemental brief.

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

Initially, the Court notes that Petitioner has failed to identify any issues that should have been raised on direct appeal. Instead, the Court is left to speculate as to possible issues that should have been raised. Petitioner's vague and conclusory allegations are insufficient to support a finding that appellate counsel acted deficiently or that Petitioner sustained prejudice.

Next, "an attorney who finds no non-frivolous issues for appeal does not necessarily have to meet with his or her client in person before filing an *Anders* brief . . . ." *See Dones*

*v. United States,* 2010 WL 184451, at *7 (S.D.N.Y. 2010). Therefore, Petitioner's appellate counsel did not provide inadequate representation merely because he did not meet with Petitioner prior to filing the *Anders* brief.

In addition, the record reveals that Petitioner received copies of the trial record from appellate counsel on July 7, 2008, which preceded the date the state appellate court entered its opinion.[4] There was a delay in Petitioner's receipt of those materials because, after the completion of the trial, Petitioner had been temporarily housed at the Putnam County Jail and the Lake Butler Reception Center; consequently, appellate counsel had been delayed in receiving notification of Petitioner's permanent address within the Florida Department of Corrections. As such, Petitioner has not shown that appellate counsel acted deficiently with regard to this matter, and, since Petitioner has failed to identify what issues he could have raised if those materials had been provided sooner, he has not demonstrated how his appeal was prejudiced.

Furthermore, once an appellant files an *Anders* brief, the appellate court must conduct an independent examination of the proceedings to determine whether the appeal is wholly frivolous before it will allow the attorney to withdraw from the case. *See Anders,* 386 U.S. at 744-45. Here, the appellate court granted appellate counsel's motion to withdraw, and Petitioner has failed to demonstrate that his appeal was not wholly frivolous.

Accordingly, Petitioner has not shown that the state court's denial of this claim was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. 28

---

[4]The *per curiam* opinion was filed on July 22, 2008.

U.S.C. § 2254(d). Consequently, Petitioner is not entitled to federal habeas relief on this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Gary L. Lucas is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a Certificate of Appealability is **DENIED** in this case.

4 Petitioner's Motion for Summary Judgment (Doc. No. 20, filed March 14, 2011) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, this 17th day of March 2011.

Copies to:
OrlP-2 3/17
Counsel of Record
Gary L. Lucas

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE